**EXHIBIT A**

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

Credit Acceptance Corporation, and DOES 1 through 10, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Savannah Milheaux,

<div style="border:1px solid">

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**FILED BY FAX**
ALAMEDA COUNTY

May 11, 2016

CLERK OF
THE SUPERIOR COURT
By Alicia Espinoza, Deputy

</div>

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: *(El nombre y dirección de la corte es):* Superior Court of Alameda County | CASE NUMBER *(Número del caso):* RG16815955 |
|---|---|

1225 Fallon St. Oakland, CA 94612

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

L. Paul Mankin, Esq., 4655 Cass St., Ste. 112, San Diego, Ca 92109    Digital 3577

| DATE: May 11, 2016 | Clerk, by | , Deputy |
|---|---|---|
| *(Fecha)* | *(Secretario)* | *(Adjunto)* |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):* Credit Acceptance Corporation

under: ☑ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)

☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*

<table>
<tr><td>1</td><td>

L. Paul Mankin (SBN 264038)
The Law Office of L. Paul Mankin
4655 Cass St., Ste. 112
San Diego, Ca 92109
T: (800) 219-3577
F:(323) 207-3885
pmankin@Paulmankin.com
Attorney for Plaintiff
SAVANNAH MILHEAUX

</td><td>

**FILED BY FAX**
ALAMEDA COUNTY

May 11, 2016

CLERK OF
THE SUPERIOR COURT
By Alicia Espinoza, Deputy

CASE NUMBER:
**RG16815955**

</td></tr>
</table>

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF ALAMEDA

LIMITED JURISDICTION

| | |
|---|---|
| SAVANNAH MILHEAUX,<br><br>Plaintiff,<br><br>vs.<br><br>CREDIT ACCEPTANCE CORPORATION, and DOES 1 through 10, inclusive,<br><br>Defendant(s). | Case No.:<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL FOR:**<br><br>**1. VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT [CAL. CIV. CODE § 1788]**<br><br>**2. VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. § 227]**<br><br>**(AMOUNT NOT TO EXCEED $10,000)** |

## COMPLAINT FOR DAMAGES

### INTRODUCTION

1.     Savannah Milheaux ("Plaintiff") brings this action to secure redress from Credit Acceptance Corporation ("Defendant") for violations of the Rosenthal Fair Debt Collection Practices Act [CAL. CIV. CODE § 1788] and for violations of the Telephone Consumer Protection Act [47 U.S.C. § 227].

### PARTIES

- 1 -

COMPLAINT FOR DAMAGES

L. Paul Mankin (SBN 264038)
The Law Office of L. Paul Mankin
4655 Cass St., Ste. 112
San Diego, Ca 92109
T: (800) 219-3577
F:(323) 207-3885
pmankin@Paulmankin.com
Attorney for Plaintiff
SAVANNAH MILHEAUX

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF ALAMEDA

## LIMITED JURISDICTION

| | |
|---|---|
| SAVANNAH MILHEAUX,<br><br>       Plaintiff,<br><br>  vs.<br><br>CREDIT ACCEPTANCE CORPORATION,<br>and DOES 1 through 10, inclusive,<br><br>       Defendant(s). | Case No.:<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL FOR:**<br><br>**1. VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT [CAL. CIV. CODE § 1788]**<br><br>**2. VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. § 227]**<br><br>**(AMOUNT NOT TO EXCEED $10,000)** |

## COMPLAINT FOR DAMAGES

### INTRODUCTION

1.      Savannah Milheaux ("Plaintiff") brings this action to secure redress from Credit Acceptance Corporation ("Defendant") for violations of the Rosenthal Fair Debt Collection Practices Act [CAL. CIV. CODE § 1788] and for violations of the Telephone Consumer Protection Act [47 U.S.C. § 227].

### PARTIES

- 1 -

COMPLAINT FOR DAMAGES

2.        Plaintiff Savannah Milheaux ("Plaintiff"), a natural person who at all times herein mentioned was a resident of the City of Oakland, in Alameda County, and State of California and is a "debtor" as defined by Cal. Civ. Code §1788.2(h).

3.   At all relevant times herein, Defendant, Credit Acceptance Corporation (hereinafter "Defendant"), was a company engaged, by use of mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "consumer debt" as defined by Cal. Civ. Code §1788.2(f). Defendant regularly attempts to collect debts alleged to be due another, and therefore is a "debt collector" as defined by the RFDCPA, Cal. Civ. Code §1788.2(c).

4.   Plaintiff does not know the true names and capacities, whether corporate, partnership, associate, individual or otherwise, of Defendants sued herein as Does 1 through 10, inclusive, and therefore names said Defendants under provisions of *Section 474 of the California Code of Civil Procedure*.

5.   Plaintiff is informed and believes, and on that basis alleges that Defendants Does 1 through 10 are in some manner responsible for acts, occurrences and transactions set forth herein and are legally liable to Plaintiff.

## FACTUAL ALLEGATIONS

6.   At all times relevant to this action, Defendant owned, operated and/or controlled telephone numbers (810) 277-1003; (517) 338-1004; (800) 709-8625; (734) 742-1035; and others. At all times relevant to this action, Defendant called Plaintiff from, but not limited to the forgoing telephone numbers for the purpose of collecting the alleged debt.

7.   Defendant contacted or attempted to contact Plaintiff on Plaintiff's cellular telephone number ending in -5686.

8.   On or around April of 2012, and within one year prior to the filing of this action, Defendant contacted Plaintiff to collect money, property or their equivalent, due or owing or alleged to be due or owing from a natural person.

9.   This financial obligation was primarily for personal, family or household purposes and are therefore "debt(s)" as that term is defined by 15 U.S.C. § 1692a(5).

10. Within one year prior to the filing of this action, Defendant caused Plaintiff's telephone to ring repeatedly and continuously to annoy Plaintiff.

- 2 -

11. All telephone calls since 2012 to the filing of the instant complaint constitute an ongoing practice and pattern.

12. Defendant communicated with Plaintiff with such frequency as to be unreasonable under the circumstances and to constitute harassment. The frequency of attempted communications with Plaintiff evidence Defendant's intent to harass Plaintiff.

13. As an illustrative example, Defendant has contacted or attempted to contact Plaintiff over fifty (50) times since 2012. Also as a recent illustrative example, Defendant contacted or attempted to contact Plaintiff at 7:01 a.m. on February 5, 2016.

14. Further evidencing Defendant's attempted contacts with Plaintiff, Defendant contacted or attempted to contact Plaintiff at the following times: May 12, 2015 at 4:28 p.m.; May 13, 2015 at 1:44 p.m. and 4:35 p.m.; May 14, 2015 at 4:11 p.m.; May 18, 2015 at 12:20 p.m.

15. As such, the natural and probable consequences of Defendant's conduct were to harass, oppress or abuse Plaintiff in connection with the collection of the alleged debt.

16. Plaintiff has demanded that Defendant cease calling Plaintiff on several occasions. Plaintiff's demand notwithstanding, Defendant continues to contact Plaintiff.

17. At all times relevant to this action, while conducting business in California, Defendant has been subject to, and required to abide by, the laws of the United States, which included the TCPA and its related regulations that are set forth at 47 C.F.R. § 64.1200 ("TCPA Regulations"), as well as the opinions, regulations and orders issued by the courts and the FCC implementing, interpreting and enforcing the TCPA and the TCPA regulations.

18. At all times relevant to this action, Defendant owned, operated and or controlled an "automatic telephone dialing system" as defined by TCPA 47 U.S.C. § 227(a)(1) that originated, routed and/or terminated telecommunications.

19. Within four years prior to the filing of this action, Defendant called Plaintiff at Plaintiff's cellular telephone number multiple times using an artificial prerecorded voice or using equipment which has the capacity to store or produce telephone numbers to be called, using random or sequential number generator and to dial such numbers, also known as an "automatic telephone dialing system" as defined by TCPA 47 U.S.C. § 227(a)(1)(A) and (B).

20. Defendant never received Plaintiff's consent to call Plaintiff on Plaintiff's cellular telephone, to the extent it ever existed, using an "automatic telephone dialing system" or an "artificial or prerecorded voice" as defined in 47 U.S.C. § 227 (a)(1).

- 3 -

COMPLAINT FOR DAMAGES

21. Even assuming arguendo that Defendant did have consent to call Plaintiff on Plaintiff's cellular telephone using an ATDS, that consent was subsequently revoked by Plaintiff.

22. At no time have Plaintiff and Defendant had an "established business relationship" as defined by 47 U.S.C. § 227(a)(2).

23. Defendant is not a tax exempt nonprofit organization.

24. Defendant's violation of the TCPA was willful.  Defendant's violation of the TCPA was willful because Plaintiff requested that Defendant cease calling Plaintiff.

## FIRST CAUSE OF ACTION

### (Violation of the RFDCPA, CAL. CIV. CODE § 1788)

25.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

26.     Defendant violated the RFDCPA.  Defendant's violations include, but are not limited to, the following:

(a)     Defendant violated CAL. CIV. CODE § 1788.11(d) by causing a telephone to ring repeatedly or continuously to annoy the person called; and

(b)     Defendant violated CAL. CIV. CODE § 1788.11(e) by communicating, by telephone or in person, with the debtor with such frequency as to be unreasonable and to constitute an harassment to the debtor under the circumstances; and

(c)     Defendant violated CAL. CIV. CODE § 1788.17 by collecting or attempting to collect a consumer debt without complying with the provisions of Sections 1692b to 1692j, inclusive, of . . . Title 15 of the United States Code (Fair Debt Collection Practices Act).

(i)     Defendant violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. § 1692d by engaging in conduct, the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of the alleged debt; and

(ii)     Defendant violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. § 1692d(5) by causing Plaintiff's phone to ring or engaging Plaintiff in telephone conversations repeatedly; and

27.     Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

28.     As a result of the foregoing violations of the RFDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, and attorney's fees and costs.

<div align="center">

**SECOND CAUSE OF ACTION**

**(Violations of the TCPA, 47 U.S.C. § 227)**

</div>

29.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

30.     Defendant violated the TCPA.  Defendant's violations include, but are not limited to the following:

(a)     Within four years prior to the filing of this action, on multiple occasions, Defendant violated TCPA 47 U.S.C. § 227 (b)(1)(A)(iii) which states in pertinent part, "It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call.

(b)     Within four years prior to the filing of this action, on multiple occasions, Defendant willfully and/or knowingly contacted Plaintiff at Plaintiff's cellular telephone using an artificial prerecorded voice or an automatic telephone dialing system and as such, Defendant knowing and/or willfully violated the TCPA.

31.     As a result of Defendant's violations of 47 U.S.C. § 227, Plaintiff is entitled to an award of five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B). If the Court finds that Defendant knowingly and/or willfully violated the TCPA, Plaintiff is entitled to an award of one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

32.     Plaintiff is also entitled to seek injunctive relief prohibiting such conduct in the future.

<div align="center">

- 5 -

</div>

## VII.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant for the following:

(a)   An injunction prohibiting Defendant from contacting Plaintiff on Plaintiff's cellular telephone using an automated dialing system pursuant to 47 U.S.C. § 227(b)(3)(A); and

(b)   Actual damages pursuant to CAL. CIV. CODE § 1788.30(a); and

(c)   As a result of Defendant's violations of 47 U.S.C. § 227(b)(1), Plaintiff is entitled to and requests five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B); and

(d)   As a result of Defendant's willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiff is entitled to and requests treble damages, as provided by statute, up to one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C); and

(e)   Statutory damages pursuant to CAL. CIV. CODE § 1788.30(b); and

(f)   Costs and reasonable attorney's fees pursuant to CAL. CIV. CODE § 1788.30(c); and

(g)   Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

(h)   For such other and further relief as the Court may deem just and proper.

///
///
///
///
///
///
///

COMPLAINT FOR DAMAGES

1
2                     <u>**DEMAND FOR JURY TRIAL**</u>
3       Please take notice that Plaintiff demands a trial by jury in this action.
4
5
6       Date: May 9, 2016
7                                                    _____
8                                                    Paul Mankin, Esq.
                                                     Attorney for Plaintiff
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

                                    - 7 -

Law Offices of L. Paul Mankin
Attn:  Mankin IV, L. Paul
4655 Cass St., Ste. 112
San Diego, CA   92109____

## Superior Court of California, County of Alameda

| | |
|---|---|
| Milheaux | No. **RG16815955** |
| **Plaintiff/Petitioner(s)** | |
| VS. | **NOTICE OF CASE MANAGEMENT** |
| | **CONFERENCE AND ORDER** |
| Credit Acceptance Corporation | Limited Jurisdiction |
| **Defendant/Respondent(s)** | |
| (Abbreviated Title) | |

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:
Notice is given that a Case Management Conference has been scheduled as follows:

| Date: **09/23/2016** | Department: **20** | Judge: **Robert B. Freedman** |
|---|---|---|
| Time: **02:00 PM** | Location: **Administration Building** | Clerk: **Reshma Mishra** |
| | **Fourth Floor** | Clerk telephone: **(510) 267-6936** |
| | **1221 Oak Street, Oakland  CA 94612** | E-mail: |
| | | **Dept.20@alameda.courts.ca.gov** |
| | Internet: **www.alameda.courts.ca.gov** | Fax: **(510) 267-1576** |

### ORDERS

1.  **Plaintiff** must:

     a.   **Serve** all named defendants and file proofs of service on those defendants with the court within 60 days of the filing of the complaint (Cal. Rules of Court, 3.110(b)); and

     b.   **Give notice** of this conference to all other parties and file proof of service.

2.  **Defendant must** respond as stated on the summons.

3.  **All parties who have appeared before the date of the conference** must:

     a.   **Meet and confer**, in person or by telephone as required by Cal. Rules of Court, rule 3.724;

     b.   **File and serve** a completed *Case Management Statement* on Form CM-110 at least **15** days before the Case Management Conference (Cal. Rules of Court, rule 3.725); and

     c.   **Post jury fees** as required by Code of Civil Procedure section 631.

4.  If you do not follow the orders above, the court may issue an order to show cause why you should not be sanctioned under Cal. Rules of Court, rule 2.30.  Sanctions may include monetary sanctions, striking pleadings or dismissal of the action.

5.  You are further ordered to appear in person or through your attorney of record at the Case Management Conference noticed above. You must be thoroughly familiar with the case and fully authorized to proceed. You may be able to appear at Case Management Conferences by telephone.  Contact CourtCall, an independent vendor, at least three business days before the scheduled conference.  Call 1-888-882-6878, or fax a service request to (888) 882-2946.  The vendor charges for this service.

6.  You may file *Case Management Conference Statements* by E-Delivery. Submit them directly to the E-Delivery Fax Number (510) 267-5732.  No fee is charged for this service.  For further information, go to *www.alameda.courts.ca.gov/ff.*

7.  The judge may place a *Tentative Case Management Order* in your case's on-line register of actions before the conference.  This order may establish a discovery schedule, set a trial date or refer the case to Alternate Dispute Resolution, such as mediation or arbitration. Check the website of each assigned department for procedures regarding tentative case management orders at *www.alameda.courts.ca.gov/dc.*

**CLERK'S CERTIFICATE OF MAILING**

I certify that the following is true and correct:  I am the clerk of the above-named court and not a party to this cause.  I served this Notice of Hearing by placing copies in envelopes addressed as shown hereon and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 05/20/2016.

By _____
                      *Michelle Bank*
                      Deputy Clerk

### Superior Court of California, County of Alameda



### Notice of Assignment of Judge for All Purposes

Case Number: RG16815955
Case Title:    Milheaux VS Credit Acceptance Corporation
Date of Filing: 05/11/2016

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Pursuant to Rule 3.734 of the California Rules of Court and Title 3 Chapter 2 of the
Local Rules of the Superior Court of California, County of Alameda, this action is
hereby assigned by the Presiding Judge for all purposes to:

| | |
|---|---|
| Judge: | Robert B. Freedman |
| Department: | 20 |
| Address: | Administration Building |
| | 1221 Oak Street |
| | Oakland  CA  94612 |
| Phone Number: | (510) 267-6936 |
| Fax Number: | (510) 267-1576 |
| Email Address: | Dept.20@alameda.courts.ca.gov |

Under direct calendaring, this case is assigned to a single judge for all purposes including
trial.

Please note: In this case, any challenge pursuant to Code of Civil Procedure section
170.6 must be exercised within the time period provided by law.  (See Code Civ. Proc.
§§ 170.6, subd. (a)(2) and 1013.)

NOTICE OF NONAVAILABILITY OF COURT REPORTERS: Effective June 4, 2012, the
court will not provide a court reporter for civil law and motion hearings, any other hearing or
trial in civil departments, or any afternoon hearing in Department 201 (probate). Parties may
arrange and pay for the attendance of a certified shorthand reporter. In limited jurisdiction
cases, parties may request electronic recording.

Amended Local Rule 3.95 states: "Except as otherwise required by law, in general civil case
and probate departments, the services of an official court reporter are not normally
available. For civil trials, each party must serve and file a statement before the trial date
indicating whether the party requests the presence of an official court reporter."

IT IS THE DUTY OF EACH PLAINTIFF AND CROSS COMPLAINANT TO SERVE A COPY
OF THIS NOTICE IN ACCORDANCE WITH LOCAL RULES.

## General Procedures

Following assignment of a civil case to a specific department, all pleadings, papers, forms, documents and writings can be submitted for filing at either Civil Clerk's Office, located at the René C. Davidson Courthouse, Room 109, 1225 Fallon Street, Oakland, California, 94612, George E. McDonald Hall of Justice, 2233 Shoreline Drive, Alameda, California, 94501 and the Hayward Hall of Justice, 24405 Amador Street, Hayward, California, 94544. All documents, with the exception of the original summons and the original civil complaint, shall have clearly typed on the face page of each document, under the case number, the following:

<div align="center">

ASSIGNED FOR ALL PURPOSES TO
JUDGE Robert B. Freedman
DEPARTMENT 20

</div>

All parties are expected to know and comply with the Local Rules of this Court, which are available on the Court's website at: http://www.alameda.courts.ca.gov/Pages.aspx/Local-Rules(1) and with the California Rules of Court, which are available at www.courtinfo.ca.gov.

Parties must meet and confer to discuss the effective use of mediation or other alternative dispute processes (ADR) prior to the Initial Case Management Conference. The court encourages parties to file a "Stipulation to Attend ADR and Delay Initial Case Management Conference for 90 Days". Plaintiff received that form in the ADR information package at the time the complaint was filed. The court's Web site also contains this form and other ADR information. If the parties do not stipulate to attend ADR, the parties must be prepared to discuss referral to ADR at the Initial Case Management Conference.

Email is the preferred method of communicating with court staff in Department 20, particularly for scheduling of law and motion, ex parte application, and case management events. Telephone communications are possible, but use of email will greatly facilitate a prompt response to your inquiries. When a copy of a document must be transmitted to court staff, an email attachment is preferable to fax. Use of an email attachment or fax, however, is not a substitute for filing of pleadings or other documents. All email communications should be copied to all parties for whom an email address is available, so inclusion of available email addresses in the caption of all filed papers, as required by California Rule of Court 2.111(1) is critical. Paper courtesy copies of all documents filed in connection with law & motion matters must be delivered directly to Department 20 as close to the time of filing as practicable.

## Schedule for Department 20

The following scheduling information is subject to change at any time, without notice. Please contact the department at the phone number or email address noted above if you have questions.

- Case Management Conferences are held: Thursdays beginning at 2:00 p.m. and Fridays beginning at 10:00 a.m., 11:00 a.m. and 2:00 p.m.

- Law and Motion matters are heard: Thursdays beginning at 2:00 p.m. and Fridays beginning at 10:00 a.m., 11:00 a.m. and 2:00 p.m. (Reservations required)

- Settlement Conferences are heard: Set on Case Specific Basis

- Ex Parte matters are heard: 10:00 a.m. Monday - Friday when the Court is not in trial, and at 9:00 a.m. Monday - Friday when the Court is in trial. (Reservations required)

**Law and Motion Procedures**

To obtain a hearing date for a Law and Motion or ex parte matter, parties must contact the department as follows:

- Motion Reservations
  Email:        Dept.20@alameda.courts.ca.gov


- Ex Parte Matters
  Email:        Dept.20@alameda.courts.ca.gov


**Tentative Rulings**

The court may issue tentative rulings in accordance with the Local Rules.  Tentative rulings will become the Court's order unless contested in accordance with the Local Rules. Tentative rulings will be available at:

- Website: www.alameda.courts.ca.gov/domainweb, Calendar Information for Dept. 20

- Phone: 1-866-223-2244

Dated:  05/19/2016

_____
facsimile

Presiding Judge,
Superior Court of California, County of Alameda

_____
**CLERK'S CERTIFICATE OF MAILING**

I certify that the following is true and correct:  I am the clerk of the above-named court and not a party to this cause.  I served this Notice by placing copies in envelopes addressed as shown on the attached Notice of Initial Case Management Conference and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 05/20/2016

By _____
Digital

Deputy Clerk